All right, our sixth case for this morning. The next case is Viramontes against Brannon 21249 and we should have Ms. Blagg and Mr. Malamute So it looks like we do So we will begin with you, Ms. Blagg May it please the court This court I'm hearing an echo. Are y'all hearing an echo? Oh wait, hold on. Sorry I got it fixed May it please the court. My name is Jennifer Blagg. I'm here today arguing on behalf of Luis Viramontes, the defendant appellant in this case This case presents this court with a fairly straightforward argument That being was defense counsel ineffective for not hiring an expert in the defense case in chief to counter the state's two experts testimony in the state's case The appellate court found that defense counsel's decision was reasonable strategy because counsel elicited similar information on cross-examination that the defense counsel's expert would have testified to He asked the appellate court also found that mr. Viramontes was not prejudiced because the evidence against him was overwhelming This ruling these rulings were an unreasonable application of both law and fact first of all The Record establishes that the appellate court completely ignored what I would call the ripple effect of counsel's decision to not present an expert and to Instead pursue pursue two untenable defenses Ask you miss blagg. I mean it seems to me what counsel was trying to do was to undermine The Factual theory will just say that it was this violent beating that caused the ultimately caused the death of Sandra His wife and the more holes he could punch in the experts story the more the possibility that the trier fact would decide that Mr. Viramontes that the state had not met its burden of showing that mr. Viramontes was responsible for her death beyond a reasonable doubt and so It seems to me. It's a very common and very appropriate defense strategy to try to sow the seeds of reasonable doubt Well, I respectfully Disagree with your honor on the fact that he presented evidence to support the holes and defense case Examination right? I mean he gets them to admit that it could have been the cocaine or I mean they Concede a lot of things on this cross examination, don't they? Well, yes, but that ignores that what they don't concede and that he doesn't have the burden of proof of showing it was cocaine He just has to make the jury think that the state has failed and in meeting its burden of truth, right? Right, but what did it but then I would so I would say what did the state's experts say when he said? Would her cocaine usage have changed your analysis on her cause of death? No Both experts soundly rejected defense counsel's attempt to say that cocaine had anything to do with her cause of death But at the same time they do say cocaine can cause brain swelling and cocaine can cause High blood pressure and cocaine can cause you know a series of other things that were going on So yes, you're right the experts Do for the ultimate question reject the thought that the cocaine under these circumstances Was a causative factor, but a jury weighs potentially contradictory statements from witnesses Well, yes That would be relevant if he had presented any evidence that cocaine contributed to her death Which is which a defense expert would have testified to your honor's question also ignores another key point in this case And the key issue in this case was how much force caused the victim's death the state's experts both Testified that it was significant force it was a force akin to a car crash a force akin to a fall from a 10-foot building and what a defense expert would Have testified to is actually no when you look at her injuries It could have been a relatively minor insult that caused her death and more importantly a reasonable person Would not have known that her injuries would have resulted in death in other words The defense had no basis no expert testimony to rely on to say hey look what these injuries mean She did not have injuries to her skull. She did not have a skull fracture Didn't she did not have skull lacerations in cases where there is a major insult to the brain such as the state's experts testified You would expect to see these things, but maybe not actually one of the problems is that there's not a skull Injury because what happens is the brain swells That's the edema and it doesn't have anywhere to go, you know, because the skull is a pretty hard bone So it starts squishing down the spinal cord Right, but this is akin to like a shaken baby case, right? where the state's experts say the only way this baby could have died was from significant blunt force trauma and There is no expert to contradict that here So the key issue is what it's not just was he guilty or not guilty of first-degree murder You have to look in this case your primary strategy in this case as a reasonable Competent defense attorney would have to be to argue his client did not know that his actions would likely result in death How do you establish that you establish that only through an expert who would have testified cocaine could have contributed to her death Refuting the state's experts denial of that the injury could have been minor not a major insult Refuting the fact that mr Veramont a should have known that his actions reasonably would have resulted in her death in other words if he had presented an expert He would have been able to obtain a jury instruction on involuntary manslaughter, which he was not able to get in this case specifically because of her injuries Conviction court looked at Dr. Blum and didn't think that his testimony would have made any difference It didn't go as far as you're saying maybe a good expert would have gone Well, if you read his affidavit, yeah, I did look at his affidavit. Well, right So his affidavit unequivocally states that and that's why it's an unreasonable application of fact, right? They did not look at what his affidavit says what they did was gloss over the key points in his affidavit Which is what the respondent does in their briefing as well, which is how much force was necessary? Defense counsel's arguments in closing argument are not evidence The defense had no evidence zero zero evidence to support that This was a minor insult to the brain That he did not have a reasonable probability to know that the outcome of his actions would have resulted in her death Zero evidence that cocaine toxicity contributed to her death and there's one thing the court's ignoring that the appellate court found. It is absolutely Unquestionably rebutted by the record and that is that her lymphoma Being diagnosed with the lymphoma resulted in her bruising easily That's right and more importantly Dr. Bloom would have testified that the fact that she had lymphoma would explain explain the bruises on her body because you bruise Excessive force if you say even if you Establish the deficient performance prong turning to the prejudice prong in light of your client's own testimony How can you establish that the result of the trial? Likely would have been different. He admitted to the severity of the beating He testified that he threw her over a table into the refrigerator Causing her to hit her head really hard in light of his own testimony. How could you establish prejudice here? Well, so that's I appreciate that question because I submit that there are numerous times that people hit their head The equivalent to hitting their head on the refrigerator and you do not suspect that the reasonable outcome of that injury would be death So his testimony in no way conceded. He was guilty of first-degree murder I don't think anyone would expect that there's a reasonable probability the outcome of his actions would be death based on that More importantly the district court disagreed with the appellate court's ruling that it was a reasonable that the finding on prejudice was reasonable The district point of court pointed out the jury was deadlocked six to six after extensive amounts of deliberating came back They asked for the medical records showing how critical this defense expert would have been There was evidence of the district court also noted there was evidence of cocaine toxicity in her bloodstream She bruised easily because of her cancer treatment and she was responsive after the incident But even with even with the disagreement of the district court still said under the edpa deference, which we have to give on the prejudice of both prongs, but on the prejudice prong that the Decision was reasonable. I think she disagreed on the prejudice prong The district court disagreed and found that the evidence was not overwhelming based on those four factors And here's what's most interesting about the district court's finding that the evidence was not overwhelming Two of the four things that she cites as a basis for believing that the evidence wasn't overwhelming were established by the defense Expert and the jurors never heard it the jurors never heard She bruised easily because of her cancer treatment the jurors never heard the relevance of the fact that she was responsive after the incident and what that would mean to a Supported involuntary manslaughter. So it is a patently unreasonable application of the facts of this case to find the evidence against. Mr Vera Montes was overwhelming especially considered how the jurors struggle in this case and especially considering the two theories that defense counsel chose Provocation and mutual combat amounted to victim shaming it amounted to him saying it's her fault She's dead not I didn't reasonably understand the outcome of my actions would be death All right, I think we'd better stop here since you're nearly out of time and thank you to mr. Malamud You need to unmute All right for that good morning, I may please the courts I'm assistant attorney general elder Malamud on behalf of respondents First just a quick clarification the district courts Did find that the state appellate court was reasonable in concluding that there was no That the state that the state of health was reasonable determining that there was no deficient performance and in finding that there was no prejudice It disagreed that there was with respect to whether the evidence was overwhelming or not, but it did not Disagree that it was reasonable to find that there was no prejudice. That's Now turning to one of the aspects that the petitioners discussion left off on the standard of review Petitioner concedes that this case is governed by the doubly deferential standard of a Strickland claim and ineffective assistance of counsel claim subject to section 2254 D review that means that to succeed on To obtain habeas truly petitioner would have to show that no fair-minded jurist could conclude that counsel here acted reasonably in eliciting concessions from the state courts and in vigorously pursuing instructions for lesser offenses and Also that was outside the bounds of reasonable differences of opinion For the state appellate court to determine that there was no reasonable probability that the outcome would have been different Petitioner can make neither showing and that's particularly true because petitioner to this day has not shown a better strategy than counsel in fact pursued Petitioners petitioner criticizes counsel for not presenting testimony from an expert that cocaine was the cause of death, but in fact a Petitioner has produced no expert that would so testify The entirety of Dr. Bloom's statement in the affidavit. Is that petitioner? that the victim tested positive for cocaine for a huge amount of cocaine a large amount of cocaine a very large amount of cocaine exactly over 30,000 nanograms per milliliter 300 baseline and that in fact is a Testimony dr. Bloom are that the statement affidavit is simply that it can cause cerebral edema now, of course, that's completely duplicative of the testimony elicited by counsel from the expert that That cocaine can cause cerebral edema. And in fact, I'm also elicited statements that Cocaine can cause the bronchopneumonia. That was the cause of death But as miss blagg says having acknowledged that amount of cocaine both of the testifying experts very Clearly state they don't think the cocaine was even a causative factor here. It was the beating well, that's exactly right and Petitioner has produced no expert that would Have testified differently. Dr. Bloom doesn't say that the cocaine likely caused The death dr. Bloom doesn't say that the cocaine here Contributed to the cause of death. Dr. Bloom simply states that that cocaine can cause cerebral edema again something that the counsel elicited from The expert here, so there's really nothing additional on the subject of cocaine that could be elicited Or that has shown that another expert would have testified to The similar problem occurs with the Arguments regarding the Possible complications from the lymphoma. So there's a statement in dr. Bloom's affidavit that Complications from lymphoma or the treatment can lead to excessive bleeding or bruising But dr. Bloom who states that he reviewed the medical treatment history Who he that he reviewed the autopsy reports? He reviewed all the relevant medical records. He does not opine that in this case The Victim suffered from this complication that could have led to Excessive bleeding or bruising. So again council has petitioners not presented any experts who would testify to what petitioner criticizes counsel defense counsel for not having a present an expert to testify to So is it your position? I mean Let's assume you're right. Let's assume that Dr. Bloom And his affidavit aren't enough Is that inconsistent with the notion that it was ineffective performance? To fail to find anyone at the trial level Well, certainly it did the person it was is it your view that mr. Viramont has had the burden at state post conviction come forward with his best hand He certainly had to it was petitioners burden to show that counsel Performed efficiently and that it resulted in prejudice And to show that he performed efficiently Certainly would be incumbent upon him to show that there would be an expert that could testify in a way that he criticized counsel for Not presenting next without that would testify in that manner and in this case another example of the the performance that counsel Criticizes is the what what what petitioner describes as the harmful testimony? Regarding the description of the altercation between petitioner and his wife But again petitioner provides no viable alternative to this testimony It's certainly not clear that it would have been advisable for petitioner to remain silent and have the trial simply be a matter of the testimony of other witnesses that petitioner had confessed to beating his wife and that the medical testimony that she then lapsed into a coma with injuries consistent with blunt force trauma and died and So counsel acted reasonably in eliciting the testimony that he did and counsel clearly had a strategy in his opening statement He describes exactly what testimony he's going to elicit from petitioner and from the State's experts. He elicits that testimony. He uses that testimony to argue for jury instructions for lesser offenses and he uses that testimony to Argue that to the jury that the petitioner was not guilty of first-degree murder. So for instance He testified he elicits testimony from petitioner that the victim charged Him and that he had to throw the victim off of him because she was swinging wildly and that in doing so she Hit a table a kitchen table and then he elicits testimony from the experts on cross-examination that this exact Conduct her hitting the table could have caused the bruising on her arms and legs. And so he connects this testimony From the experts and from petitioner to Present a viable story of where she suffered these injuries from Similarly, he elicits testimony from petitioner that in throwing her off Him she hit her head hard on the fridge Then he elicits testimony counsel does from the expert that this Her hitting her head the victim hitting her head on the fridge could have caused could have been the cause of death again, it's a very tight connection between the conduct that he the petitioner describes and the medical testimony that the expert testimony and This allowed counsel to seek lesser jury instructions for lesser offenses Based on second-degree murder from provocation from mutual combat As well as involuntary manslaughter and he also pursued instructions on For second-degree murder based on a reasonable extension of law with respect to the infidelity with respect to whether the texts and the photos that petitioner described the petitioner Discovered actually constituted acts of adultery or could do so under a reasonable extension of law So when counsel went up petitioner says that counsel didn't elicit any testimony regarding the force That's simply not true. He listed a testimony That exactly corroborated his story that was consistent with his story That was reasonable and certainly under the doubly deferential standard of a strickland claim subject to 2254 dear view this court should affirm the district courts judgment. Thank you. All right Thank you, and I will miss blagg. I will give you a full minute You you don't didn't have quite that much but You can use it. Okay. Thank you, Your Honor. Very very quickly I want to emphasize the fact that there was no evidence to support his strategy First of all, the two defenses that he pursued had been legally rejected the provocation offense The Illinois Supreme Court soundly rejected defense counsel on appeal had to rely on a Google search of an article to support that theory of the case that cannot be Reasonable strategy in a case like this when you could have hired a defense expert who would support your client was guilty of involuntary Manslaughter the experts in this case absolutely pooh-poohed her cocaine usage They said nothing in Sandra's presentation at the emergency room pointed to anything having to do with cocaine That was the ER doctor. The other said Would the cocaine have any impact on your opinion on cause of death quote not in the least and the defense counsel does present evidence he talks about an Cascade effect that would cause swelling in the brain There was nobody that testified for the defense about the impact this cascade effect could have had on her brain and caused her death So I submit that the appellate court's ruling was an unreasonable application of law in fact and that the only strategy here Pursuit to Hinton and Harrington and Richter was to call an expert. Thank you. All right. Thank you very much Thanks to both counsel. We will take this case under advisement